**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DONNEK E. BROADUS, | DOCKET NUMBER |
| Appellant, | PH-0752-20-0321-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: July 2, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Donnek E. Broadus, Avondale, Pennsylvania, pro se.

Nelda Davis, Esquire, Baltimore, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to vacate the administrative judge's finding that the appellant's appointment excluded her from coverage under chapter 75 and clarify that the appellant has not made a nonfrivolous allegation that she met the definition of an "employee" with chapter 75 appeal rights, we AFFIRM the initial decision.

**BACKGROUND**

Effective May 4, 2020, the agency appointed the appellant to the position of Nursing Assistant in a time-limited appointment in the excepted service under 38 U.S.C. § 7405(a)(1).  Initial Appeal File (IAF), Tab 6 at 7.  By letter dated May 27, 2020, the agency notified the appellant that it was terminating her appointment "due to unacceptable in-processing, attendance, and failure to adhere to dress code policy," effective May 29, 2020.  *Id*. at 8.

The appellant filed an appeal and requested a hearing.  IAF, Tab 1 at 2. She checked the boxes indicating that her Federal employment status was "temporary" and that she was "serving a probationary, trial, or initial service period at the time of the action" she was appealing.  *Id*. at 1.  The appellant asserted that the agency was "wrong" because she had never received information regarding the dress code or attendance policies and that she was "not treated fair."

*Id*. at 4. She filed supplemental pleadings asserting that she was wrongfully terminated for false reasons and raising personal complaints regarding her brief employment with the agency. IAF, Tab 5 at 3, Tab 7 at 3.

In the acknowledgment order, the administrative judge informed the appellant that the Board may not have jurisdiction over her appeal and apprised her of the regulatory right to appeal for probationers in the competitive service and the requirements for meeting the definition of an "employee" for purposes of 5 U.S.C. chapter 75 appeal rights. IAF, Tab 2 at 2-5. The agency filed a motion to dismiss the appeal for lack of jurisdiction, arguing that the appellant did not meet the definition of an employee under section 7511 and that she had been serving a temporary appointment without the possibility of conversion to the competitive service at the time of her termination. IAF, Tab 6 at 4-6. The agency also argued that the appellant had been employed for less than 1 month prior to her termination and that she did not provide any evidence that she had 2 years of current continuous service in the same or similar positions. *Id*. at 6.

Subsequently, the administrative judge issued an order to show cause, noting that the Standard Form 50 (SF-50) submitted by the agency into the record indicated that the appellant received an excepted service appointment, and therefore the parties should ignore his prior jurisdiction order concerning the competitive service. IAF, Tab 8 at 2. He advised the appellant that medical professionals appointed under 38 U.S.C. § 7405(a)(1) lack chapter 75 appeal rights since their appointments are without regard to civil service laws, rules, or regulations. *Id*. at 2-3. The administrative judge also notified the appellant that the record contained no evidence demonstrating that she met the definition of an "employee" in the excepted service under 5 U.S.C. § 7511(a)(1)(C) and instructed her to submit any relevant argument or evidence to the contrary. *Id*. at 2-3 n. 2. In the two pleadings she submitted in response to the order to show cause, the appellant largely repeated her general arguments concerning the merits of her

termination and did not address the jurisdictional issue. IAF, Tab 9 at 3, Tab 10 at 3.

Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal because the appellant failed to make a nonfrivolous allegation that the Board had jurisdiction over her appeal. IAF, Tab 11, Initial Decision (ID) at 1, 4. He found that, although the SF-50 submitted by the agency stated that it had appointed the appellant under 38 U.S.C. 7405(a)(1)(A), the correct appointing authority for the appellant's Nursing Assistant position was section 7405(a)(1)(B). ID at 3. The administrative judge found that, as an appointee to a temporary position under section 7405(a)(1), the appellant lacked the right to appeal adverse actions to the Board under chapter 75. ID at 3-4. Finally, he noted that none of the appellant's submissions on appeal addressed the issue of jurisdiction. *Id*.

The appellant has filed a petition for review, in which she repeats her assertion that she was wrongfully terminated and does not challenge the administrative judge's jurisdictional findings. Petition for Review (PFR) File, Tab 1 at 3, Tab 2 at 3. The agency has filed a response arguing that the appellant has failed to provide a basis for overturning the initial decision. PFR File, Tab 4 at 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An appellant has the burden of establishing that the Board has jurisdiction over her appeal. 5 C.F.R. § 1201.56(b)(2)(i)(A). Generally, individuals appointed under 38 U.S.C. § 7405(a)(1) are excluded from "civil service or classification laws, rules, or regulations." However, the Board has jurisdiction over disciplinary actions issued to individuals appointed under 38 U.S.C. § 7405(a)(1)(B) if they meet the

definition of an employee under 5 U.S.C. § 7511. 38 U.S.C. § 7403(f)(3); *see Carrow v. Merit Systems Protection Board*, 564 F.3d 1359, 1364 (Fed. Cir. 2009) (stating there is a limited exception to that rule for health care professionals who are appointed to positions listed in section 7401(3)).

The SF-50 submitted into the record by the agency stated that the appellant had been appointed to a time-limited Nursing Assistant position under the authority of 38 U.S.C. § 7405(a)(1)(A). IAF, Tab 6 at 7. However, the administrative judge correctly determined that the position of "nurse assistant" is listed in 38 U.S.C. § 7401(3), and therefore the proper appointing authority was section 7405(a)(1)(B). ID at 3; *see Scott v. Department of the Air Force*, 113 M.S.P.R. 434, ¶ 8 (2010) (stating that an SF-50 is not a legally operative document controlling on its face an employee's status and rights; instead, the Board looks at the totality of the circumstances in determining the nature of an appointment). Nonetheless, because the appellant was employed by the agency as a Nursing Assistant, a position listed in section 7401(3) of title 38, the administrative judge incorrectly dismissed the appeal on the basis that she was appointed under section 7405(a)(1). ID at 3-4; *see Carrow*, 564 F.3d at 1364. The administrative judge should have assessed whether the appellant had made nonfrivolous allegations[2] that she met the definition of an employee under chapter 75. *See* 38 U.S.C. § 7403(f)(3); 5 U.S.C. § 7511(b)(10).

A nonpreference-eligible individual in the excepted service is an "employee" within the meaning of 5 U.S.C. § 7511 only if she: (1) is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or (2) has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less. 5 U.S.C. § 7511(a)(1)(C)(i), (ii); *see Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 10

---

[2] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

(2009) (applying this provision to an excepted service appointment made under 38 U.S.C. § 7401(3)). The appellant has not alleged on appeal or on review that she had 2 years of current continuous service or was serving under an initial appointment pending conversion to the competitive service. IAF, Tab 1 at 1-5, Tab 5 at 3, Tab 7 at 3, Tab 9 at 3, Tab 10 at 3; PFR File, Tab 1 at 3, Tab 2 at 3. The record evidence demonstrates that the appellant was appointed on May 4, 2020, and terminated less than 1 month later, effective May 29, 2020. IAF, Tab 6 at 7-8. In her initial appeal form, the appellant stated that she had zero months of Government service and that she held a temporary appointment at the time of her termination. IAF, Tab 1 at 1. Because the appellant failed to nonfrivolously allege that she met the definition of an "employee" with Board appeal rights under 5 U.S.C. chapter 75, she was not entitled to a jurisdictional hearing. *See Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994) (stating that an appellant is entitled to a jurisdictional hearing if she presents nonfrivolous allegations of Board jurisdiction).

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012.** This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:    _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.